IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA MESSINA and NICK MESSINA, the parents and sole heirs at law of Andrew Messina, and the ESTATE OF ANDREW MESSINA, by and through the Administrator of the Estate, | : : : : : : : | Civil Action File No. |
| Plaintiffs, | : : | 1:15-cv-01379-ODE |
| v. | : : : | |
| JASON YARBROUGH, | : : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL UNDER RULES 12(b)(5) AND 12(b)(6)**

COMES NOW Defendant Jason Yarbrough (hereinafter, "Defendant"), by and through the undersigned counsel, and hereby files this Reply Brief in Support of his Motion for Partial Dismissal Under Rules 12(b)(5) and 12(b)(6). In support of his Motion, and respectfully shows the Court the following:

## I. ARGUMENT AND CITATIONS TO AUTHORITY

**A.     In this renewal action brought under O.C.G.A. § 9-2-61 that includes state law claims, Georgia law on effecting timely service should control.**

Plaintiff's response, like the non-binding Johnson v. Conway slip opinion issued by Judge Story in this Court earlier this year, relies almost exclusively on the similarly non-binding Tillman decision out of the Southern District of Georgia. Neither of those cases involve or address the exact case posture involved here---the filing of a renewal action pursuant to O.C.G.A. § 9-2-61[1] outside of the two-year statute of limitations that includes supplemental state law claims.  Those cases are also not controlling authority, and cannot be said to have overruled the decisions in Walker v. Armco Steel Corp., 446 U.S. 740, 750-51, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) and Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1233 (11th Cir. 1983).

Additionally, in Henderson v. United States, 517 U.S. 654, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996), also relied upon by Plaintiffs, the Supreme Court did not address or analyze the issue of whether a state statute such as the Georgia statute at issue in this case controls over a federal rule in a hybrid case involving federal

---

[1] Page 3 of Plaintiffs' response characterizes this action as a renewal pursuant to Fed. R. Civ. P. 41.  While the motion to dismiss the initial lawsuit and resulting Order of dismissal of the initial action was pursuant to Fed. R. Civ. P. 41, the renewal action filed in this case outside the two-year statute of limitations is clearly based on the application of O.C.G.A. § 9-2-61.

question jurisdiction with supplemental state law claims. Instead, that case (asserting claims exclusively under federal law---the Suits in Admiralty Act) involved a comparison between a federal statute and a Federal Rule of Civil Procedure in a case that did not at all involve any state law claims. Id. Thus, Henderson is also not controlling.

Moreover, the Eleventh Circuit has not disapproved of or expressed any reservations in reference to the comparable decision in Robinette v. Johnston, 637 F. Supp. 922, 925 (M.D. Ga. 1986). In fact, 14 years after Robinette was decided, the Eleventh Circuit, in an *en banc* decision, adopted a 1999 Eleventh Circuit panel decision affirming Judge Forrester's dismissal of state law claims for intentional infliction of emotional distress[2] based on the running of the state law statute of limitations due to lack of diligent service. McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036, n. 1 (11th Cir. 2000) (en banc), reversing on other grounds, 177 F.3d 1310, 1314 (11th Cir. 1999). Notably, that case was also a hybrid case filed in the Northern District of Georgia on the basis of federal question jurisdiction (42 U.S.C. § 1985) with a supplemental state law claim.

---

[2] See March 31, 1997 Order (Doc. 38) in Case No. 1:96-CV-1584- JOF.

In short, Plaintiffs rely on non-binding decisions that do not represent controlling authority requiring this Court to disregard the provisions of O.C.G.A.§ 9-11-4(c) in favor of Fed. R. Civ. P. 4(m) in this hybrid case brought under Georgia's renewal statute.  Additionally, the well-reasoned authority cited by Defendant supporting the application of O.C.G.A.§ 9-11-4(c) as to Plaintiffs' state law claims has not been overruled by any controlling Eleventh Circuit or Supreme Court authority.  In fact, the whole Eleventh Circuit's adoption in 2000 of a 1999 panel decision affirming the dismissal of state law claims on statute of limitations grounds due to lack of diligent service under Georgia law in a hybrid case similar to this one speaks volumes as to the continuing validity of the authority relied upon by Defendant.[3]  As a result, Georgia law requiring diligent effectuation of service should control in the instant renewal action in determining whether Plaintiffs' state law claims brought pursuant to § 1367 are now time-barred.

**B.      The affidavit of Plaintiffs' lead counsel does not excuse the lack of diligence in effecting service or provide any evidence of reasonable and diligent efforts to effect service.**

While certainly sympathetic to any medical issues Plaintiffs' lead counsel Mr. Pekor may have experienced as referenced in his affidavit attached to

---

[3] See McAndrew v. Lockheed Martin Corp., 177 F.3d 1310, 1314 (11th Cir. 1999), reversed on other grounds, 206 F.3d 1031, 1036, n. 1 (11th Cir. 2000) (en banc) (relying in part on Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1233 (11th Cir. 1983).

Plaintiffs' response, nothing in that affidavit provides any sufficient excuse for Plaintiffs' failure to cause Defendant to be served in this renewal action in a reasonable and diligent manner or offers any evidence of reasonable and diligent efforts to serve Defendant. Plaintiffs' response acknowledges that there is no material dispute as to Defendant's recitation of the facts relevant to the instant Motion. (Doc. 8, at pp. 2-3). Those admitted facts include the failure of Plaintiffs or their counsel to take any action whatsoever to effect service on Defendant in this renewal action until 105 days after the renewal action was filed (including the failure to perform the slightest bit of diligence such as contacting a private process server to effect service, contacting anyone else authorized to effect service, having co-counsel Mr. Cox effect or coordinate service once a renewal action was filed with a summons issued instead of waiting to do so105 days later, or contacting Defendant or his counsel about perfecting service, waiving service or acknowledging service).

It is Plaintiffs' burden to establish that they acted in a reasonable and diligent manner in attempting to ensure that proper service was effected as quickly as possible. Moreno v. Taylor, 305 Ga. App. 504, 699 S.E.2d 838, 839-40 (2010). In meeting this burden, Plaintiffs must provide specific dates or details to show diligence and cannot rely on conclusory statements. Jones v. Brown, 299 Ga. App.

418, 683 S.E.2d 76, 78 (2009).  Courts have found a lack of diligence in numerous cases where there was at least some effort made by or on behalf of Plaintiffs to perfect service upon filing the complaint as compared to this case where there was admittedly nothing done until 105 days after the renewal action was filed.  See e.g., Kelley v. Lymon, 279 Ga. App. 849, 632 S.E.2d 734 (2006) (lack of diligence found despite service attempt by sheriff, engagement of private investigator/skip tracer and engaging in discovery attempting to determine defendant's whereabouts); Atcheson v. Cochran, 297 Ga. App. 568, 677 S.E.2d 749 (2009) (lack of diligence found despite hiring of two separate investigators to attempt service and multiple attempts by those investigators to perfect service over an approximate four-month period); Nee v. Dixon, 199 Ga. App. 729, 405 S.E.2d 766 (Ga.App.1991 (lack of diligence found despite error by sheriff's department indicating that defendant's reported street address not located in Fulton County and special process server's subsequent efforts to effect service); Walker v. Hoover, 191 Ga. App. 859, 383 S.E.2d 208 (1989) (Court of Appeals did not allow the plaintiff to rely on alleged misinformation from postal authorities and the failure of the sheriff's department to advise the plaintiffs as to the county in which the defendant lived to excuse the plaintiff's lack of diligence in serving the defendant).

This is not a case where Defendant was evading service, where Plaintiffs were provided erroneous information about Defendant's address or whereabouts, where Plaintiffs had to perform any type of investigation to figure out where and how to serve Defendant, or where there was any type of challenge in perfecting timely service.  On the contrary, Plaintiffs were aware of Defendant's address, and their counsel were well aware of how to contact Defendant's counsel concerning service given the history of Defendant's counsel agreeing to a waiver of service on behalf of Defendant when the initial lawsuit was timely filed within the statute of limitations.  Despite that, Plaintiffs admittedly took no action to perfect service for 104 days once the attempted renewal action was filed outside of the two-year statute of limitations.  As has been repeatedly held, such a lapse in taking any action to perfect service is the very definition of lack of diligence that should result in Plaintiffs' state law claims being dismissed for being commenced outside the statute of limitations. McAndrew v. Lockheed Martin Corp., 177 F.3d 1310, 1314 (11th Cir. 1999), reversed on other grounds, 206 F.3d 1031 (11th Cir. 2000) (en banc) (dismissing state law claims in lawsuit under 42 U.S.C § 1985 based on running of statute of limitations where plaintiff waited 44 days before personally serving the first defendant and where the last defendant was not served until 65 days after the filing of the complaint); Webb v. Murphy, 142 Ga. App. 649, 650,

236 S.E.2d 840, 841 (1977) (dismissing case based on lack of diligent service where service perfected nearly two months after running of statute of limitation, and stating, "Although excuses were offered, we can not hold that the plaintiff was diligent, as a matter of law"); Robison v. Green, 228 Ga. App. 27, 491 S.E.2d 95, 97 (1997) (perfecting service 40 days after filing of complaint constitutes failure to exercise due diligence); Cantin v. Justice, 224 Ga. App. 195, 480 S.E.2d 250, 251-52 (1997) (perfecting service 19 days after filing of complaint constitutes failure to exercise due diligence).

Because the record reflects that Plaintiffs have not acted in a reasonable and diligent manner to perfect service in this attempted renewal action as soon as possible following the running of the statute of limitations (and Plaintiffs have acknowledged as much through their response admitting to the facts relevant to this Motion), Plaintiffs' state law claims in this action must be dismissed with prejudice.

## II. CONCLUSION

For the above and foregoing reasons, and based on the argument and citations of authority presented in Defendant's initial brief, Defendant's Motion for Partial Dismissal should be granted and all state law claims against Defendant in this action should be dismissed with prejudice.

Respectfully submitted, this 30th day of September, 2015.

                                              **JARRARD & DAVIS, LLP**

                                              /s/ Kenneth P. Robin, Esq.
                                              Angela E. Davis, Esq.
                                              Georgia Bar No. 240126
                                              Kenneth P. Robin, Esq.
                                              Georgia Bar No. 609798

105 Pilgrim Village Drive, Suite 200    kjarrard@jarrard-davis.com
Cumming, Georgia  30040                 adavis@jarrard-davis.com
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

                                              Attorneys for Defendant
                                              Jason Yarbrough

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA MESSINA and NICK MESSINA, the parents and sole heirs at law of Andrew Messina, and the ESTATE OF ANDREW MESSINA, by and through the Administrator of the Estate | : : : : : : : | |
| Plaintiffs, | : : | Civil Action File No. 1:15-cv-01379-ODE |
| v. | : : : | |
| JASON YARBROUGH, | : : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE AND FONT CERTIFICATION

I hereby certify that, in accordance with LR 5.1A (N.D.Ga.), I have this date electronically filed the within and foregoing **Reply Brief in Support of Defendant's Motion for Partial Dismissal Under Rules 12(b)(5) and 12(b)(6)** in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send email notification of such filing to the following counsel of record in this matter:

Charles B. Pekor
David A. Cox
Pekor & Associates LLC
3565 Piedmont Road
Building 1, Suite 460

10

Atlanta, Georgia 30305
chuckpekor@yahoo.com
dacox@dacoxlaw.com

I further certify that the above and foregoing **Reply Brief in Support of Defendant's Motion for Partial Dismissal Under Rules 12(b)(5) and 12(b)(6)** meets the requirements set forth in L.R. 5.1C (N.D.Ga.) and has been prepared using Times New Roman 14-point font.

This 30th day of September, 2015.

                                        **JARRARD & DAVIS, LLC**

                                        /s   Kenneth P. Robin
                                        KENNETH P. ROBIN
                                        Georgia Bar No. 609798
                                        krobin@jarrard-davis.com

105 Pilgrim Village Drive, Suite 200
Cumming, Georgia  30040            Attorneys for Defendant
(678) 455-7150 – telephone          Jason Yarbrough
(678) 455-7149 – facsimile